IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUNTER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:24-cv-00239-DGK |
| LOANDEPOT.COM, LLC, | ) ) | |
| Defendant. | ) ) | |

**<u>ORDER GRANTING JOINT MOTION FOR TRANSFER OF VENUE</u>**

This putative class action arises from a data breach involving Plaintiff's personally identifiable information. Now before the Court is the parties' joint motion for transfer of venue to the United States District Court for the Central District of California where twenty-one related and overlapping cases against Defendant are already pending. ECF No. 10.

The statute governing transfer of venue, 28 U.S.C. § 1404(a), provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." By enacting § 1404, Congress gave district courts the discretion to transfer cases based on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In making its determination, the Court weighs a variety of factors, including the convenience of the witnesses; the convenience of the parties; the availability of the judicial process to compel the attendance of unwilling witnesses; governing law; ease of access to sources of proof; the possibility of delay or prejudice if the transfer is granted; and practical considerations

determining where the case can be tried more expeditiously and inexpensively. *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985). Where the balance of relevant factors is equal or weighs only slightly in favor of the movant, the motion to transfer should be denied. *Id.*

The facts of this case weigh in favor of granting a change of venue. First, under § 1404(a), Plaintiff could have brought this case in the Central District of California, and all parties have consented. ECF No. 11 at 2. Thus, transfer is statutorily appropriate. Moreover, considering the factors laid out in *Houk*, the events of this case occurred in California and sources of proof (e.g., witnesses, documents, computer systems) are located in California making that forum more convenient for the witnesses and parties. Thus, these factors also favor transfer.

Accordingly, the Court grants the motion to transfer this case.

**IT IS SO ORDERED.**

DATE:  June 21, 2024  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT